# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LIPITOR ANTITRUST LITIGATION | MDL No. 2332 |
| | Master Docket No.: 3:12-cv-2389 (PGS/DEA) |
| THIS DOCUMENT RELATES TO: MSP Recovery Claims, Series, LLC, *et al.* v. Pfizer Inc., *et al.* | |
| Civil Action No. 3:18-cv-14414-PGS-DEA | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS MSP PLAINTIFFS' CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)

Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Katherine A. Escanlar
(kae@saiber.com)
**SAIBER LLC**
One Gateway Center
10th Floor, Suite 1000
Newark, New Jersey 07102-5311
T: (973) 622-3333
F: (973) 286-2465

*Attorneys for Defendants Ranbaxy Inc., Ranbaxy Laboratories Limited, and Ranbaxy Pharmaceuticals, Inc.*

Jay P. Lefkowitz, P.C.
(lefkowitz@kirkland.com)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Karen N. Walker, P.C.
(kwalker@kirkland.com)
Jonathan D. Janow
(jonathan.janow@kirkland.com)
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Liza M. Walsh
Eleonore Ofosu-Antwi
**WALSH PIZZI O'REILLY
FALANGA LLP**
One Riverfront Plaza
1037 Raymond Blvd, Suite 600
Newark, NJ 07102
Telephone: (973) 757-1100
Facsimile: (973) 757-1090


*Attorneys for Defendants
Pfizer Inc., Pfizer Manufacturing
Limited, Pfizer Ireland
Pharmaceuticals, Warner-Lambert
Co., and Warner-Lambert Co. LLC*

Dimitrios T. Drivas
Robert A. Milne
Raj Gandesha
Bryan Gant
Sheryn George
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113

John F. Baughman
Yahonnes Cleary
Farrah R. Berse
**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND..................................................................................4

LEGAL STANDARD..............................................................................................6

ARGUMENT ..........................................................................................................8

I.   MSP PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR
     LACK OF ARTICLE III STANDING..........................................................8

     A.   MSP Plaintiffs Failed to Allege Facts Sufficient for Article III
          Standing Because They Do Not Allege Named Plaintiffs Were
          Injured in Any Specific State and Otherwise Rely on Unalleged
          Injuries of Undisclosed Assignors or Absent Class Members.............8

     B.   MSP Plaintiffs Lack Article III Standing Because They Failed
          to Plead Sufficient Facts to Establish Valid Reassignments..............13

          1.   MSPA Claims 1, LLC...............................................................18

          2.   MSP Recovery Claims Series, LLC .........................................20

          3.   MAO-MSO Recovery II LLC....................................................21

II.  MSP PLAINTIFFS' CLASS CLAIMS SHOULD BE DISMISSED
     WITH PREJUDICE AS TIME-BARRED UNDER THE
     APPLICABLE STATUTES OF LIMITATIONS. .......................................22

III. MSP PLAINTIFFS' COMPLAINT IS DEFICIENT FOR THE SAME
     REASONS ADDRESSED IN THIS COURT'S DECISION ON
     DEFENDANTS' 12(C) MOTION. ..............................................................26

CONCLUSION ....................................................................................................28

# TABLE OF AUTHORITIES

## Cases

*Am. Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974)..............................................................................24

*Anspach ex rel. Anspach v. City of Phila., Dept. of Pub. Health*,
   503 F.3d 256 (3d Cir. 2007) ..................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................7

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018).............................................................. 3, 23, 24

*Constitution Party of Pa. v. Aichele*,
   757 F.3d 347 (3d Cir. 2014) ................................................................13

*Crown, Cork & Seal Co., Inc. v. Parker*,
   462 U.S. 345 (1983)..............................................................................24

*ERI Max Entm't, Inc. v. Streisand*,
   690 A.2d 1351 (R.I. 1997) ...................................................................25

*Fritzky v. Aetna Health, Inc.*,
   No. 08-5673 (WJM), 2010 WL 1186226 (D.N.J. Mar. 24, 2010) .......................27

*FW/PBS, Inc. v. City of Dallas*,
   493 U.S. 215 (1990)................................................................................7

*Gould Elecs. Inc. v. United States*,
   220 F.3d 169 (3d Cir. 2000). ...............................................................13

*In re Brooms*,
   447 B.R. 258 (9th Cir. 2011) ...............................................................16

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ..............................................................13

*In re Continental Airlines, Inc.*,
   279 F.3d 226 (3d Cir. 2002) ................................................................27

*In re Ditropan XL Antirust Litig.*,
    529 F. Supp. 2d 1098 (N.D. Cal. 2007)............................................................10

*In re Effexor XR Antitrust Litig.*,
    337 F. Supp. 3d 435 (D.N.J. 2018) .....................................................................9

*In re Flonase Antitrust Litig.*,
    610 F. Supp. 2d 409 (E.D. Pa. 2009) .................................................................10

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
    678 F.3d 235 (3d Cir. 2012) ..................................................................................7

*In re Terazosin Hydrochloride Antitrust Litig.*,
    160 F. Supp. 2d 1365 (S.D. Fla. 2001) ..............................................................10

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    586 F. Supp. 2d 1109 (N.D. Cal. 2008)..............................................................25

*In re Wellbutrin XL Antitrust Litig.*,
    260 F.R.D. 143 (E.D. Pa. 2009) ................................................................ 2, 9, 11

*Kaiser Found. v. Abbott Labs.*,
    No. CV 02-2443-JFW (FMOx), 2009 WL 3877513 (C.D. Cal. Oct. 8, 2009) ....23

*Lewis v. Casey*,
    518 U.S. 343 (1996) ..............................................................................................9

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)...............................................................................................7

*MAO-MSO Recovery II, LLC v. Am. Family Mut. Ins. Co.*,
    No. 17-CV-175-jdp, 2018 WL 835160 (W.D. Wis. Feb. 12, 2018)....................15

*MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*,
    Nos. 17-cv-02522-CAS(PLAx), 17-cv-02559-CAS(PLAx) 2017 WL 5634097
    (C.D. Cal. Nov. 20, 2017).....................................................................................16

*MAO-MSO Recovery II, LLC v. Mercury Gen.*,
    Nos. 17-02525-AB (AJWx), 17-02557-AB (AJWx), 2018 WL 3357493 (C.D.
    Cal. May 23, 2018) ........................................................................................ 20, 21

*MAO-MSO Recovery II, LLC v. Mercury Gen.*,
   Nos. CV 17-02525 (AJWx), CV 17-2557-AB (FFMX), 2017 WL 5086293 (C.D.
   Cal. Nov. 2, 2017) .................................................................................... 3, 16

*MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*,
   No. 17-20946-CIV-LENARD/O'SULLIVAN, 2018 WL 295527 (S.D. Fla. Jan.
   3, 2018) ............................................................................................... 3, 15

*MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*,
   322 F. Supp. 3d 1273 (S.D. Fla. 2018),
   *appeal filed*, No. 18-13312 (11th Cir. Aug. 6, 2018) .................................... 18, 19

*MSPA Claims 1, LLC v. United Auto. Ins. Co.*,
   204 F. Supp. 3d 1342 (S.D. Fla. 2016) ...............................................................19

*NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of N.J., Inc.*,
   979 F. Supp. 2d 513 (D.N.J. 2013) ....................................................................14

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*,
   770 F.3d 1282 (9th Cir. 2014) ...........................................................................14

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*,
   529 U.S. 765 (2000) .........................................................................................14

*Warth v. Seldin*,
   422 U.S. 490 (1975) .........................................................................................14

*Winer Family Tr. v. Queen*,
   503 F.3d 319 (3d Cir. 2007) ...............................................................................9

*Zimmerman v. HBO Affiliate Grp.*,
   834 F.2d 1163 (3d Cir. 1987) .............................................................................7

**Statutes**

9 R. I. Gen. Laws § 9-1-13(a) ..................................................................................25

9 R.I. Gen. Laws § 6-13.1-5.2(a) .............................................................................25

**Rules**

Fed. R. Civ. P. 12(b)(1) ..........................................................................................6

## INTRODUCTION

Having waited seven years after Ranbaxy launched its generic Lipitor product and as many since the end-payor plaintiffs brought their proposed class action complaints in this matter, serial litigants[1] MSP Recovery Claims, Series, LLC, MSPA Claims 1, LLC, and MAO-MSO Recovery II, LLC ("MSP Plaintiffs") now purport to assert their own *identical* proposed end-payor class action based on vague and deficient references to largely undisclosed claims assignments from healthcare organizations. But despite their dilatory "copy and paste" approach, MSP Plaintiffs have failed to carry their fundamental burden to plead facts sufficient to establish *their* ability to bring these claims both individually and on behalf of a proposed end-payor class.

*First*, MSP Plaintiffs have failed to allege facts sufficient to establish that the three named plaintiffs (and the three specific purported assignors they do ultimately reference in an appendix)—*let alone* the undisclosed assignors or absent class members they also purport to represent—have suffered injury in any specific state through alleged purchases or reimbursements. In short, despite asserting claims under the laws of twenty-eight states and the District of Columbia and making vague allegations of nationwide Lipitor "purchases" by undisclosed "numerous"

---

[1]   *See infra* Section I.B. (discussing numerous cases brought by these same named plaintiffs that were dismissed for lack of standing).

"assignors," MSP Plaintiffs do not allege a single specific purchase in a specific state by a specific assignor, including the three purported assignors referenced in an appendix.  As this Court has already held and numerous courts around the country have confirmed, such bare pleading is simply insufficient as a matter of law to confer standing to bring state-specific claims.  Aug. 21, 2018 Mem. & Order, (ECF No. 813) ( "*Lipitor* 12(c) Order") at 34 (dismissing Utah claim because "there must be at least one named plaintiff who is a Utah citizen or resident in order to establish standing for the putative class" in that state); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 149 (E.D. Pa. 2009) ("[P]laintiffs have standing to assert claims only under the laws of those states where the plaintiffs are located or their members reside. The Court will dismiss those claims arising under all other states.").  MSP Plaintiffs' failure to allege any connection between a named plaintiff (or their named assignor) and injury suffered in any specific states means that MSP Plaintiffs' complaint should be dismissed in its entirety for failure to establish Article III standing.

*Second*, MSP Plaintiffs failed to plead facts sufficient to show that they have a valid assignment that would provide Article III standing for any of the three named plaintiffs.  Indeed, MSP Plaintiffs disclose only limited facts in an appendix about three so-called "representative" assignors, which purportedly assigned their claims not directly to the MSP Plaintiffs, but as a two-step through an intermediary.  But as

other courts have recently concluded with respect to these *same plaintiffs*, MSP Plaintiffs have failed to allege sufficient facts that would support a finding that the claimed re-assignments were valid.  *See MAO-MSO Recovery II, LLC v. Mercury Gen.*, Nos. CV 17-02525 (AJWx), CV 17-2557-AB (FFMX), 2017 WL 5086293, at *4 (C.D. Cal. Nov. 2, 2017) (dismissing MAO-MSO Recovery II, LLC's claims because they failed to plead any details about the assignment other than a legal conclusion that a valid assignment existed); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-20946-CIV-LENARD/O'SULLIVAN, 2018 WL 295527, at *4 (S.D. Fla. Jan. 3, 2018) (same).  Without more, the Complaint only provides legal conclusions regarding assignment validity, which is insufficient to establish Article III standing.

*Third*, MSP Plaintiffs' claims are time-barred because MSP Plaintiffs waited at least seven years after the statutes of limitations began to run to file this proposed successive end-payor class action.  As the Supreme Court's recent decision in *China Agritech, Inc. v. Resh* makes clear, MSP Plaintiffs' class claims are not saved by *American Pipe* tolling, and MSP Plaintiffs' class action claims should be dismissed with prejudice.  138 S. Ct. 1800, 1806 (2018) ("*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action.  The 'efficiency and economy of litigation' that support tolling of individual claims, *American Pipe*, 414 U.S.[] [538,] 553 [(1974)], do not support

maintenance of untimely successive class actions; any additional *class* filings should be made early on, soon after the commencement of the first action seeking class certification.").

*Finally*, this Court previously dismissed certain of the identical deficient claims alleged in the existing End-Payor Plaintiffs' ("EPPs") Second Amended Complaint. Given that MSP Plaintiffs copied the EPP Second Amended Complaint nearly verbatim with these deficiencies intact, this Court should dismiss MSP Plaintiffs' claims to the extent that they suffer from the same infirmities the Court found in the EPP Second Amended Complaint.

## FACTUAL BACKGROUND

Named plaintiffs MSP Recovery Claims, Series, LLC, MSPA Claims 1, LLC, and MAO-MSO Recovery II, LLC filed a complaint against Pfizer (including Pfizer Inc., Pfizer Ireland Pharmaceuticals, and Warner-Lambert Company) and Ranbaxy (including Ranbaxy Laboratories Limited, Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc.)[2] in the United States District Court for the Southern District of Florida on September 13, 2018. Compl., *MSP Recovery Claims, Series, LLC v. Pfizer Inc.*, 1:18-cv-23767-UU (ECF No. 1) (hereinafter "Compl."). The Judicial Panel on Multidistrict Litigation thereafter transferred the action to this Court on

---

[2]   Pfizer and Ranbaxy are collectively referred to herein as "Defendants."

4

September 26, 2018 as part of *In re Lipitor Antitrust Litigation*, MDL No. 2332. Conditional Transfer Order (CTO-7) (ECF No. 821.)

The three named plaintiffs are serial litigants purporting to bring claims on behalf of "multiple" assignors, who are purportedly various organizations that provide health benefits to Medicare subscribers or provide administrative and management functions to healthcare providers.  Compl. ¶ 27.  But although the Complaint references "numerous" assignments several times, MSP Plaintiffs only refer to the existence of *three* so-called "representative claim assignments" in an appendix to the Complaint.  *Id.* ¶ 27 n.4 & App.  MSP Plaintiffs bring their Complaint as a successive proposed class action essentially identical to that of the longstanding proposed End-Payor Class, *see* Jan. 12, 2018 End-Payor Pls.' Second Am. Consolidated Compl. & Jury Demand  (ECF No. 700) (hereinafter "EPPs 2d Am. Compl."), purporting to represent a nationwide class of end-payors for Lipitor under the antitrust laws of twenty-eight states and the District of Columbia and the unfair and deceptive trade practices laws of seventeen states.  Compl. ¶¶ 24–26.

Even though MSP Plaintiffs' Complaint is almost identical to EPPs' Second Amended Complaint, MSP Plaintiffs—*unlike the EPPs,* who alleged that specific named plaintiffs made purchases in specific claimed states—do not include any allegations as to the states where their three assignors purchased or reimbursed Lipitor.  Rather, MSP Plaintiffs make the broad assertion that their Assignors, both

disclosed and undisclosed, "have been paying millions of dollars to purchase Lipitor at supracompetitive prices *in every state in the United States*."  *Id.* ¶ 29 (emphasis added).  Elsewhere in the complaint, MSP Plaintiffs claim that unnamed "members of the class" purchased Lipitor in various jurisdictions.  *See id.* ¶ 499 (alleging injury "with respect to purchases of Lipitor and AB-rated bioequivalents in [State] by *members of the Class*") (emphasis added); *id.* ¶ 515 (same); *id.* ¶ 534 (same); *id.* ¶ 538 (alleging injury because "Plaintiffs' *Assignors and class members* were deprived of the opportunity to purchase a less expensive AB-rated bioequivalents and forced to pay higher prices") (emphasis added).  Nowhere in MSP Plaintiffs' Complaint do they allege facts as to where their assignors are located, where they do business, or in which specific states they were purportedly harmed.

## LEGAL STANDARD

This motion is brought under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive a 12(b)(1) motion, plaintiffs must demonstrate that they have Article III standing by showing:  (1) that the plaintiff has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical;" (2) that the injury was caused by, or is "fairly . . . trace[able] to the challenged action of the defendant;" and (3) that it is "likely, as opposed to merely

speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (quotations and citations omitted). Moreover, a named plaintiff must have standing with respect to each claim that he seeks to bring as class representative. *Zimmerman v. HBO Affiliate Grp.,* 834 F.2d 1163, 1169 (3d Cir. 1987) ("It is well settled that to be a class representative on a particular claim, the plaintiff must himself have a cause of action on that claim."). The Third Circuit applies the same standard of review to evaluate whether a plaintiff has adequately pleaded standing as that applied to a Rule 12(b)(6) motion. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

To survive a Rule 12(b)(6) motion (and by extension, a 12(b)(1) motion), the complaint must contain "enough facts to state a claim to relief that is plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, a court need not credit "legal conclusions masquerading as factual allegations." *Anspach ex rel. Anspach v. City of Phila., Dept. of Pub. Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("[S]tanding cannot be inferred argumentatively from averments in the pleadings," but rather it is the plaintiff's burden "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") (internal quotations and citations omitted).

# ARGUMENT

## I.   MSP PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR LACK OF ARTICLE III STANDING.

### A.   MSP Plaintiffs Failed to Allege Facts Sufficient for Article III Standing Because They Do Not Allege Named Plaintiffs Were Injured in Any Specific State and Otherwise Rely on Unalleged Injuries of Undisclosed Assignors or Absent Class Members.

MSP Plaintiffs bring claims under the laws of twenty-eight states and the District of Columbia, but they have failed to allege any specific injury by their three disclosed assignors in any of these jurisdictions.  Instead, MSP Plaintiffs plead mere legal conclusions that absent class members or undisclosed assignors were injured in these various jurisdictions.  This is insufficient for Article III standing.  As this Court previously decided for other plaintiffs in this case, and as numerous other courts hold, there must be at least one named plaintiff in each specific state in order to establish standing for the putative class in that state.  MSP Plaintiffs' Complaint pleads no facts whatsoever concerning where their assignors are located, where they do business, or where they purchased or reimbursed for the price of Lipitor.  MSP Plaintiffs' claims should be dismissed in their entirety for failure to plead facts sufficient for Article III standing.

As an initial matter, MSP Plaintiffs can only obtain standing, if at all, on the purported injuries of the *disclosed* assignors, not on behalf of absent class members or undisclosed assignors.  For Article III standing in a class action, "named plaintiffs who represent a class must allege and show that they personally have

been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey,* 518 U.S. 343, 357 (1996) (internal quotations omitted).  MSP Plaintiffs cannot do an end run around Article III's requirements by relying on unnamed class members.[3]

In the context of a proposed end-payor class action such as this, plaintiffs have standing to assert claims only under the laws of those states where a named plaintiff was injured by purchasing or reimbursing the drug at an allegedly supracompetitive price or where their named plaintiffs are located.  *See Lipitor* 12(c) Order at 34 (dismissing Utah claim because "there must be at least one named plaintiff who is a Utah citizen or resident in order to establish standing for the putative class"); *In re Effexor XR Antitrust Litig.*, 337 F. Supp. 3d 435, 461 (D.N.J. 2018) (hereinafter "*Effexor* 12(c) Order") (same); *see also Wellbutrin*, 260 F.R.D. at 149 ("[P]laintiffs have standing to assert claims only under the laws of those states where the plaintiffs are located or their members

---

[3]   In the context of a purported class action, a court can and should address standing at the outset of the litigation instead of waiting until class certification.  *See Winer Family Tr. v. Queen,* 503 F.3d 319, 326 (3d Cir. 2007) (addressing named plaintiffs' standing in a purported class action during review of a motion under Rule 12(b)(6)); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 (E.D. Pa. 2009) (holding that the court would address the standing of named plaintiffs on a motion to dismiss instead of waiting until class certification).

reside. The Court will dismiss those claims arising under all other states."); *In re Flonase Antitrust Litig.*, 610 F. Supp. 2d 409, 415 (E.D. Pa. 2009) (dismissing claims except for claims under state law where a named plaintiff resided or conducted business); *In re Ditropan XL Antirust Litig.,* 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) (granting the defendants' motion to dismiss twenty-four state antitrust claims for lack of standing because none of the named plaintiffs resided or alleged to have personally purchased Ditropan in any of those twenty-four states); *In re Terazosin Hydrochloride Antitrust Litig.,* 160 F. Supp. 2d 1365, 1371 (S.D. Fla. 2001) ("[P]laintiffs cannot rely on unidentified persons within those states to state a claim for relief.").  Failing to allege the basis for injury in a specific state requires dismissal as to the claims made under that state's laws.

At the pleadings stage, plaintiffs must provide sufficient factual allegations that at least one named plaintiff—or in this case, at least one disclosed assignor of a named plaintiff—was injured (*i.e.* purchased or reimbursed for the price of Lipitor) in each specific state for which plaintiffs bring a claim.  This Court's prior rulings in this litigation and in *In re Effexor* are instructive.  In both cases, although the EPPs did allege that specific named plaintiffs made purchases or reimbursements in specific states ultimately covering the bulk of their claims, *see* EPP 2d Am. Compl. ¶¶ 24–37, they were unable to do so for their claims in the state of Utah.  Upon Defendants' motion, this Court

accordingly dismissed EPPs' claims under the antitrust laws of Utah because "there must be at least one named plaintiff who is a Utah citizen or resident in order to establish standing for the putative class." *Lipitor* 12(c) Order at 34; *see also Effexor* 12(c) Order at 461 (same).   Likewise, in *Wellbutrin*, even after the plaintiffs amended their complaint to plead facts about several more states in which the named plaintiffs were located, or where their members resided, the court there dismissed the claims for all other states in which plaintiffs failed to plead that a named plaintiff or their member were located in that specific state.   260 F.R.D. at 149.

Here, MSP Plaintiffs purport to bring a class action on behalf of certain end-payors, Compl. ¶ 477, but *unlike* the EPPs whom they modeled their complaint after, MSP Plaintiffs have entirely failed to include any specific allegations that connect named plaintiffs to alleged injuries in the claimed states.   In an apparent effort to establish standing, MSP Plaintiffs provide some details about three "representative claims assignments" of the purportedly "numerous" assignments they have in secret reserve.   *Id.* ¶ 27 & App.   Assuming, *arguendo*, that these three disclosed assignments are valid, *but see* Section I.B. *infra*, they are the only basis upon which MSP Plaintiffs can establish standing.   But MSP Plaintiffs' appendix only states the choice of law for the assignments or where the businesses are incorporated.   Compl. App.   The Complaint is silent as to where these purported assignors are located or

where they do business.  Most importantly, the Complaint fails to allege any facts regarding *any single specific state* in which these disclosed assignors purchased or reimbursed individuals for Lipitor.

Instead, MSP Plaintiffs' few references to purported injury provide legal conclusions regarding all of the assignors, both disclosed and undisclosed, or all putative class members, both named and absent.  MSP Plaintiffs' only allegations regarding purported injuries to their assignors relate to *all* "Assignors," defined in the first paragraph of the Complaint as encompassing entities both undisclosed and disclosed.  *See id*. at 1 ("Plaintiffs' Assignors" refers to "multiple HMOs, MSOs, and IPAs," and not just the disclosed assignors in the appendix); *id.* ¶ 29 ("Plaintiffs' Assignors have been paying millions of dollars to purchase Lipitor at supracompetitive prices in every state in the United States . . . .").  Similarly, any reference to purchases in a state are in relation to all members of the purported class, with no specific reference to named plaintiffs.  *See id.* ¶ 499 (alleging injury "with respect to purchases of Lipitor and AB-rated bioequivalents in [State] by *members of the Class*") (emphasis added); *id.* ¶ 515 (same); *id.* ¶ 534 (same); *id.* ¶ 538 (alleging injury because "Plaintiffs' *Assignors and class members* were deprived of the opportunity to purchase a less expensive AB-rated bioequivalents and forced to pay higher prices") (emphasis added).  Nowhere in MSP Plaintiffs' Complaint do

they allege facts sufficient to show the specific states in which each of the disclosed assignors suffered injury.

Rather than making factual allegations in their Complaint, MSP Plaintiffs rely on hollow legal conclusions of injury in an attempt to obtain standing where none exists:  on the backs of undisclosed assignors and absent class members.  This is plainly insufficient under governing law, and this Court should dismiss all of MSP Plaintiffs' claims for lack of Article III standing.

**B.    MSP Plaintiffs Lack Article III Standing Because They Failed to Plead Sufficient Facts to Establish Valid Reassignments.[4]**

MSP Plaintiffs purport to bring their claims on behalf of numerous assignors, but MSP Plaintiffs only disclose details of three example assignments, one for each named plaintiff.  The named plaintiffs, however, are *twice removed* from the original assignors:  *first*, the disclosed assignors purportedly assigned their rights to MSP

---

[4]    Unlike the facial challenge in Section I.A., Defendants here bring a factual challenge to MSP Plaintiffs' standing.  A factual challenge "concerns the actual failure of a [plaintiff's] claim to comport [factually] with the jurisdictional prerequisites," *Constitution Party of Pennsylvania v. Aichele* 757 F.3d 347, 358 (3d Cir. 2014) (alterations in original and citation omitted), and permits the district court to independently "consider evidence outside the pleadings," *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  While extrinsic evidence is typically not considered during a motion to dismiss, "an exception to the general rule is that a document *integral or explicitly relied upon* in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations and quotations omitted).

Recovery, LLC ("MSP Recovery"), and *second*, MSP Recovery allegedly assigned those same rights to the three named plaintiffs.  MSP Plaintiffs, however, have failed to allege facts sufficient to establish that this second assignment—from MSP Recovery to the three named plaintiffs—was valid in light of the conditions set forth in the first assignment from the original assignors to MSP Recovery.  Because MSP Plaintiffs have failed to establish that they have valid assignments to stand in the shoes of the original assignors, this Court should dismiss MSP Plaintiffs' claims for lack of Article III standing.

Generally, plaintiffs cannot assert claims on behalf of a third party.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  However, "the assignee of a claim has standing to assert the injury in fact suffered by the assignor."  *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000).  Thus, "the assignee stands in the shoes of the assignor, and, if the assignment is valid, has standing to assert whatever rights the assignor possessed."  *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1291 (9th Cir. 2014).

The Third Circuit has not established the minimum requirements for pleading a valid assignment.  *NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, 979 F. Supp. 2d 513, 522 (D.N.J. 2013).  However, several district courts have evaluated this exact issue in matters brought by some of the same named plaintiffs as in this case.  These courts have concluded that simply pleading the

existence of valid assignments is a legal conclusion that is insufficient to meet the burden of a well-pleaded complaint. *MAO-MSO Recovery II, LLC v. Am. Family Mut. Ins. Co.*, No. 17-CV-175-jdp, 2018 WL 835160, at *5 (W.D. Wis. Feb. 12, 2018) (holding that plaintiffs only proffered legal conclusions about their assignments, which was insufficient to establish standing); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-20946-CIV-LENARD/O'SULLIVAN, 2018 WL 295527, at *4 (S.D. Fla. Jan. 3, 2018) ("This Court agrees with the *Mercury General* court and finds that the allegations contained in the First Amended Complaint are insufficient to permit the Court to infer the validity of the assignments. Therefore, there is no justiciable case or controversy between the Parties and the Court lacks subject matter jurisdiction."); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, No. 17-CV-21996-UU, 2017 WL 6541533 at *1 (S.D. Fla. Dec. 13, 2017) ("Despite the Court's specific instructions in its Order Dismissing the First Amended Complaint . . . Plaintiffs have again failed to show that they have standing. The three original plaintiffs did not follow the Court's instructions in its first order of dismissal; they did not allege the identity of MAOs whose reimbursement rights they claim to own, the dates of assignments, or the essential terms."), *vacated* 2018 WL 5811020 (S.D. Fla. Jul. 11, 2018)[5]; *MAO-*

---

[5]    As explained in the order vacating the court's order in *Boehringer Ingelheim Pharm., Inc.*, after the Eleventh Circuit ordered the parties to mediate, the parties' settlement was "conditioned on vacatur of the Court's order dismissing this case for

*MSO Recovery II, LLC v. Farmers Ins. Exch.*, Nos. 17-cv-02522-CAS(PLAx), 17-cv-02559-CAS(PLAx) 2017 WL 5634097, at *6 (C.D. Cal. Nov. 20, 2017) ("The fundamental flaw with plaintiffs' pleadings is that there are no factual allegations tracing any individual assignor MAO's injury to any single defendant. The representative facts regarding four individuals . . . do not identify which MAOs are involved, and include only blanket allegations against all defendants."); *MAO-MSO Recovery II, LLC v. Mercury Gen.*, Nos. CV 17-02525 (AJWx), CV 17-2557-AB (FFMX), 2017 WL 5086293, at *4 (C.D. Cal. Nov. 2, 2017) (explaining that a court is "not obliged to accept as true [p]laintiffs' legal conclusion that the assignments exist and are valid").

As these cases make clear, simply stating in a conclusory manner that a valid assignment exists is insufficient at the pleadings stage, particularly where, as here, there are issues with a multi-step reassignment of claims.  "Rather, '[p]laintiffs must allege facts sufficient to support these contentions, such as the identity of the [assignors] whose reimbursement rights they claim to own, the dates of the assignments, and the essential terms.'"  *Mercury Gen.*, 2017 WL 5086293, at *4 (citing *In re Brooms,* 447 B.R. 258, 265 (9th Cir. 2011) ("In an action involving an

---

lack of standing, and the order denying reconsideration."  2018 WL 5811020, at *1 (S.D. Fla. Jul. 11, 2018).   However, nothing in the subsequent order to vacate undermines the rationale in the court's original order dismissing the case for lack of standing.

assignment, a court must ensure that the plaintiff-assignee is the real party in interest with regard to the particular claim involved by determining: (1) what has been assigned; and (2) whether a valid assignment has been made.").

Here, in an attempted effort to avoid the fate of their other cases, MSP Plaintiffs have provided some details for one disclosed assignor for each of the named plaintiffs. As such, each named plaintiff has Article III standing, if at all, based on the sufficiency of MSP Plaintiffs' pleadings about these assignments.

All three of MSP Plaintiffs' assignments follow the same basic framework. The original assignors assigned recovery rights to an organization named MSP Recovery. Compl., App. MSP Recovery subsequently reassigned these rights to the named plaintiffs. *Id.* Each named plaintiff purports to trace their assignment rights back to one of the original assignors. The following graphic illustrates which assignment belongs to which named plaintiff:



Two of these named plaintiffs, MSPA Claims 1, LLC ("MSPA Claims 1")
and MSP Recovery Claims Series, LLC ("MSP Recovery Claims"), have been the
subject of litigation regarding the validity of their purported assignments.   As
discussed more fully below, the terms of their agreements required MSP Recovery
to notify the original assignor and obtain permission before MSP Recovery could
make a valid subsequent reassignment of the claims (here to the relevant named
plaintiff).  But for each named plaintiff, MSP Plaintiffs failed to plead whether these
prerequisites have been fulfilled.   Further, MSP Plaintiffs pleaded a similar
assignment for the third named plaintiff, MAO-MSO Recovery II, LLC, but again
failed to plead facts sufficient to show that there was a valid assignment between
MSP Recovery and MAO-MSO Recovery II, LLC.

      1.    MSPA Claims 1, LLC

This same assignment from Interamerican Medical Center Group, LLC
("IMC") to MSPA Claims 1 was at issue in another litigation in the United States
District Court for the Southern District of Florida.  *MSPA Claims 1, LLC v. Liberty
Mut. Fire Ins. Co.*, 322 F. Supp. 3d 1273 (S.D. Fla. 2018), *appeal filed*, No. 18-
13312 (11th Cir. Aug. 6, 2018).  In that case, MSPA Claims 1 purported to have
standing based on injuries suffered by IMC, but defendants moved to dismiss,
arguing that MSPA Claims 1 had an invalid assignment because the second

assignment required approval from IMC, which was not pleaded.  *Id.* at 1279.  The

court dismissed MSPA Claims 1's claims for lack of standing, stating:

> Because the third amended complaint fails to allege that "IMC,"
> assuming that entity is the same as the alleged Assignor, IMCG,
> ever approved an assignment to MSPA Claims, the original
> Plaintiff in this case, MSPA Claims "does not have standing to
> bring this action because it does not hold a valid assignment."

*Id.* at 1282 (quoting *MSPA Claims 1, LLC v. United Auto. Ins. Co.*, 204 F. Supp. 3d

1342, 1345 (S.D. Fla. 2016) (dismissing plaintiff's claim for lack of a valid

assignment and citing four cases *with the same named plaintiff* with similar

holdings)).

MSP Plaintiffs make the same fatal flaw here by failing to allege that IMC

approved the subsequent reassignment from MSP Recovery, LLC to MSPA Claims

1.  The double assignment from IMC to MSPA Claims 1, which is publically

available via the docket in the Southern District of Florida (Case No. 17-22539-CIV-

WILLIAMS, ECF No. 49-14), is attached as Exhibit A.  As the court highlighted in

*Liberty Mutual Fire*, "the recovery agreement states that 'MSP Recovery may assign

this Agreement in whole or in part, but the assignee must be approved by the Client

[IMC] in writing.'"  *Id.* (quoting Exhibit A at 13).  In the instant Complaint, MSP

Plaintiffs again have failed to allege any facts that would show that IMC gave the

requisite written approval for the reassignment from MSP Recovery to MSPA

Claims 1.  Such a flaw is surprising given that the Southern District of Florida ruled

that MSPA Claims 1 did not have standing on August 1, 2018—a mere six weeks before MSP Plaintiffs filed this Complaint with the same deficiency.  As was the case in *Liberty Mutual Fire*, MSP Plaintiffs' failure to allege a valid assignment for MSPA Claims 1 deprives this named plaintiff of Article III standing.

2.     MSP Recovery Claims Series, LLC

The assignment from SummaCare, Inc. ("SummaCare") to MSP Recovery Claims was at issue in litigation in the United States District Court for the Central District of California.  *MAO-MSO Recovery II, LLC v. Mercury Gen.*, Nos. 17-02525-AB (AJWx), 17-02557-AB (AJWx), 2018 WL 3357493 (C.D. Cal. May 23, 2018).  There, plaintiffs asserted that MSP Recovery Claim had standing based on the assignment from SummaCare.  *Id.* at *6.  Defendants moved to dismiss, arguing that the assignment was invalid because MSP Recovery did not obtain approval to assign the rights to MSP Recovery Claims, as required by the original assignment. *Id.*  Without evaluating the sufficiency of the pleadings, the court summarily concluded that "[t]he language of the assignment purports to allow internal assignments without approval." *Id.*

In so doing, the court overlooked a key feature of the assignment that is critical to the validity of the assignment here.  Section 7.10 of the purported assignment between SummaCare and MSP Recovery Claims, which is publically available via

20

the docket in the Central District of Illinois (Case No. 1:2017-cv-01537, ECF No.

63-9) and attached as Exhibit B, states:

> This Agreement may not be assigned without the prior written consent of the other party, which consent shall not be unreasonably withheld.  Notwithstanding the foregoing, either party may assign this Agreement, in whole or in part, to any corporate successor or any corporation that is its sole corporate member, without the consent of the other party.

Exhibit B at 6.  While the court in *Mercury General* was correct that MSP Recovery

could make an "internal assignment without approval," 2018 WL 3357493, at *6,

MSP Plaintiffs' Complaint fails to allege any facts about the relationship between

MSP Recovery, LLC and MSP Recovery Claims Series, LLC.   Based on the

allegations in the Complaint, it is entirely unknown whether the exception to the

consent requirement has been met for the assignment from MSP Recovery to MSP

Recovery Claims.   Again, MSP Plaintiffs have failed to provide sufficient

information to permit MSP Recovery Claims to assert Article III standing on behalf

of SummaCare.

### 3.    MAO-MSO Recovery II LLC

Defendants are not currently aware of any prior litigation concerning the

assignments between the third named plaintiff, MAO-MSO Recovery II LLC

("MAO-MSO") and the original assignor, Preferred Medical Plan, Inc. ("Preferred

Medical").  As with the other assignments, the original assignor, Preferred Medical,

transferred its rights to MSP Recovery, which subsequently reassigned the rights to

MAO-MSO.  Defendants do not have access to these underlying assignments, and MSP Plaintiffs have not disclosed any details other than the brief references made in their appendix.  As with the other assignments, however, MSP Plaintiffs have alleged no facts that would demonstrate that the subsequent reassignment between MSP Recovery and MAO-MSO was valid under the terms of the initial assignment between Preferred Medical and MSP Recovery.  MSP Plaintiffs' claims based upon the purported MAO-MSO assignment should therefore also be dismissed for lack of standing.

## II.   MSP PLAINTIFFS' CLASS CLAIMS SHOULD BE DISMISSED WITH PREJUDICE AS TIME-BARRED UNDER THE APPLICABLE STATUTES OF LIMITATIONS.

MSP Plaintiffs assert that any harm suffered by the putative class derived from allegedly unlawful conduct that delayed Ranbaxy's launch of generic Lipitor until November 2011.  Compl. ¶ 367.  MSP Plaintiffs' claims accrued, if at all, starting when the allegedly unlawful activity began, and any purported continuing violation ended when Ranbaxy launched generic Lipitor in November 2011.  Yet MSP Plaintiffs bring this proposed class action nearly seven years after Ranbaxy launched generic Lipitor, and seven years after the first class complaints were filed in this multidistrict litigation.  MSP Plaintiffs' substantial delay bars them from filing a new class action because the applicable statutes of limitations have long run.  As the United States Supreme Court recently explained in *China Agritech, Inc. v. Resh*, so-

called *American Pipe* tolling does not apply to a situation, as is the case here, where plaintiffs file a new class action complaint that is otherwise time barred.  138 S. Ct. 1800, 1806 (2018) ("*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action.  The 'efficiency and economy of litigation' that support tolling of individual claims, *American Pipe*, 414 U.S.[] at 553, do not support maintenance of untimely successive class actions; any additional *class* filings should be made early on, soon after the commencement of the first action seeking class certification.")  This Court should therefore dismiss MSP Plaintiffs' class action claims with prejudice because they are barred from recovery by the statutes of limitations.

This Court already ruled on certain statute of limitations issues in the *Effexor XR* litigation.  *Effexor* 12(c) Order, at 452–53.  Even under the continuing violation doctrine adopted there by this Court, the purported violation ends when the generic drug enters the marketplace.  *See id.* at 452 ("Specifically, from June 2008 through July 2010, Defendants blocked generic extended release venlafaxine from entering the market, which forced consumers to pay a premium for the brand-named drug; thereby, constituting a continuing violation through July 2010."); *see also Kaiser Found. v. Abbott Labs.*, No. CV 02-2443-JFW (FMOx), 2009 WL 3877513, at *6 n.5 (C.D. Cal. Oct. 8, 2009).  Therefore, any purported continuing violation ceased

when Ranbaxy launched generic Lipitor in November 2011, and the relevant statutes of limitations began to run at that time.

As recently explained by the Supreme Court in *Resh*, statutes of limitations are not tolled by *American Pipe* for the commencement of a second, successive class action. *American Pipe* and its progeny stand for the proposition that the commencement of an original class action tolls the running of the statutes of limitations for individual absent class members who may move to intervene in the original suit or file their own *individual* actions. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 544, 552–53 (1974); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983). But the Supreme Court has made clear that *American Pipe* does not toll the statutes of limitations for plaintiffs who wish to bring a subsequent class action.

"*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Resh*, 138 S. Ct. at 1811. "A would-be class representative who commences suit after expiration of the limitation period . . . can hardly qualify as diligent in asserting claims and pursuing relief. Her interest in representing the class as lead plaintiff, therefore, would not be preserved by the prior plaintiff's timely filed class suit." *Id.* at 1808. As *Resh* makes clear, *American Pipe* does not apply to new class action claims.

Here, the statutes of limitations began to run, even under the continuing violation doctrine, when Ranbaxy launched generic Lipitor on November 30, 2011. MSP Plaintiffs delayed nearly seven years, until September 13, 2018, to file their complaint. As shown in Attachment 1, all statutes of limitations for MSP Plaintiffs' claims, except for a single deceptive trade practices claim under Rhode Island law[6], have run. *See infra* Attachment 1 (citing the applicable statutes of limitations for each of MSP Plaintiffs' claims). MSP Plaintiffs therefore are time-barred from bringing their claims, and this Court should dismiss their class claims with prejudice.

---

[6] The statute of limitations for Rhode Island's Unfair Trade Practices and Consumer Protection Act is ten years. 9 R. I. Gen. Laws § 9-1-13(a). Nevertheless, MSP Plaintiffs still cannot bring a claim under this act for at least two reasons. First, as explained in Section I, *supra*, MSP Plaintiffs have failed to allege that their disclosed assignors made any purchases of Lipitor in Rhode Island. Second, as referenced in Section III, *infra*, MSP Plaintiffs have failed to allege that they are "consumers" within the meaning of the Act. *See* 9 R.I. Gen. Laws § 6-13.1-5.2(a) (limiting claims to "[a]ny person who purchases or leases goods or services primarily for personal, family, or household purposes"). Indeed, it would be strange for the purported assignors—which, according to MSP Plaintiffs, are healthcare benefit managers—to bring a claim under an act that protects "natural persons." *ERI Max Entm't, Inc. v. Streisand,* 690 A.2d 1351, 1354 (R.I. 1997). Surely, MSP Plaintiffs do not fall within the "unusual circumstances under which a business entity may be able to allege that its purchases were primarily for personal, family or household purposes." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1130 (N.D. Cal. 2008). In any event, MSP Plaintiffs have failed to make such allegations, and their claim under Rhode Island law should be dismissed on this basis as well.

## III. MSP PLAINTIFFS' COMPLAINT IS DEFICIENT FOR THE SAME REASONS ADDRESSED IN THIS COURT'S DECISION ON DEFENDANTS' 12(C) MOTION.

This Court already ruled that EPPs' Second Amended Complaint was deficient with respect to several of their asserted claims, and granted in part Defendants' Motion for Judgment on the Pleadings under Rule 12(c) as to those claims. *Lipitor* 12(c) Order (ECF No. 813). MSP Plaintiffs' Complaint is, in relevant part, identical to the EPPs' Second Amended Complaint and is accordingly deficient for the same reasons. MSP Plaintiffs' claims should be dismissed on the same grounds.

On April 16, 2018, Defendants moved for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) against the EPPs' Second Amended Complaint. Mem. in Supp. of Defs.' Mot. for J. on the Pleadings (ECF No. 755-1) ("Mem. J. on Pleadings"). On August 21, 2018, this Court issued a Memorandum and Order granting in part Defendants' motion and dismissing certain deficient claims. *Lipitor* 12(c) Order (ECF No. 813). Even though this Court's decision to dismiss a number of EPPs' claims became publicly available on that date, MSP Plaintiffs filed a virtually identical complaint containing the dismissed deficient claims three weeks *after* the Court's ruling, on September 13, 2018.

In ruling on Defendants' Rule 12(c) motion, this Court underwent a thorough analysis of each of Defendants' arguments concerning EPPs' complaint, ultimately

dismissing *seventeen* of the deficient claims, which now appear intact in MSP Plaintiffs' Complaint.  Because this Court already ruled on the merits of these issues, the law of the case doctrine mandates that the decision governs the same issues now presented in MSP Plaintiffs' Complaint.  *See Fritzky v. Aetna Health, Inc.*, No. 08-5673 (WJM), 2010 WL 1186226, at *4 (D.N.J. Mar. 24, 2010) ("Once a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (quoting *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002) (internal quotations omitted)).

In order to avoid unnecessary duplication, Defendants respectfully incorporate by reference the arguments raised in their motions on the pleadings,[7] including but not limited to, the arguments that: (1) Plaintiffs failed to plead compliance with the advance notice requirements under Arizona, Hawaii, Nevada, and Utah antitrust law, and Massachusetts and West Virginia consumer protection law;  (2) Plaintiffs' claims under the consumer protection laws of Montana, Tennessee, and Utah are limited to individual claims, and as such, Plaintiffs' class action claims as to those states are barred;  (3) *Illinois Brick* requires the dismissal with prejudice of claims under Illinois and Rhode Island antitrust laws;  (4) Plaintiffs' claims under Kansas, New York, and Tennessee antitrust laws do not

---

[7] In so doing, Defendants wish to and hereby state they intend to preserve for appeal all arguments previously raised in their Rule 12(c) motions but rejected by the Court.

apply to unilateral conduct by Pfizer;  (5) Plaintiffs' claims under Illinois and Maine consumer protections laws should be dismissed with prejudice because those laws do not cover the conduct alleged in Plaintiffs' complaint; and (6) Plaintiffs failed to allege that purchases in Rhode Island were primarily for personal, family, or household use, as required by that state's consumer protection laws.  Mem. J. on Pleadings (ECF No. 755-1), Reply Br. in Supp. of Defs.' Mot. for J. on the Pleadings (ECF No. 791).  Defendants offer grounds for dismissal of MSP Plaintiffs' claims that are identical to those the Court relied on in dismissing several of the EPPs' claims.  To ensure uniformity in this case, the Court should dismiss MSP Plaintiffs' deficient copycat claims on those same grounds.

## CONCLUSION

A triad of pleading problems bar MSP Plaintiffs' claims and mandate dismissal here: (1) failure to establish Article III standing due to unalleged injury, (2) failure to establish Article III standing due to insufficiently alleged assignments, and (3) failure to file a class claim within the applicable statutes of limitations and without the benefit of tolling.  In addition, MSP Plaintiffs' Complaint is deficient for the same reasons expressed by this Court in its Memorandum and Order on Defendants' 12(c) motion.  For the foregoing reasons, this Court should dismiss MSP Plaintiffs' claims with prejudice.

Dated: January 9, 2019

Respectfully submitted,

SAIBER LLC

*/s/ Arnold B. Calmann*
Arnold B. Calmann
Jeffrey Soos
Katherine A. Escanlar
One Gateway Center
10th Floor, Suite 1000
Newark, New Jersey 07102-5311
abc@saiber.com
js@saiber.com
kae@saiber.com
Telephone: (973) 622-3333
Fax: (973) 286-2465

Jay P. Lefkowitz, P.C.
KIRKLAND & ELLISLLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
jlefkowitz@kirkland.com

Karen N. Walker, P.C.
Jonathan D. Janow
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000
kwalker@kirkland.com
jonathan.janow@kirkland.com

*Counsel for Ranbaxy Laboratories*
*Ltd., Ranbaxy, Inc., and Ranbaxy*
*Pharmaceuticals, Inc.*
WALSH PIZZI O'REILLY
FALANGA LLP

29

*/s/ Liza M. Walsh*
Liza M. Walsh
Eleonore Ofosu-Antwi One
Riverfront Plaza
1037 Raymond Blvd, Suite 600
Newark, NJ 07102
Telephone: (973) 757-1100
Facsimile: (973) 757-1090

Dimitrios T. Drivas
Robert A. Milne
Raj Gandesha
Bryan Gant
Sheryn George
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113

John F. Baughman
Yahonnes Cleary
Farrah R. Berse
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
*Pfizer Inc., Pfizer Manufacturing Limited,*
*Pfizer Ireland Pharmaceuticals, Warner-*
*Lambert Co., and Warner- Lambert Co.*
*LLC*

30

# ATTACHMENT 1

## Statutes of Limitations for MSP Plaintiffs' Claims

### First Claim for Relief
### Monopolization Under State Law
### Asserted Against Pfizer

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| Arizona | Ariz. Rev. Stat. Ann. § 44-1403 | Four Years | Ariz. Rev. Stat. Ann. § 44-1410 |
| California | Cal. Bus. & Prof. Code § 17200 | Four Years | Cal. Bus. & Prof. Code § 16750.1 |
| District of Columbia | D.C. Code § 28-4503 | Four Years | D.C. Code § 28-4511(b) |
| Florida | Fla. Stat. § 501.201 | Four Years | Fla. Stat. § 542.26(1) |
| Hawaii | Haw. Rev. Stat. § 480-1 | Four Years | Haw. Rev. Stat. § 480-24 |
| Illinois | 740 Ill. Comp. Stat. 10/1 | Four Years | 740 Ill. Comp. Stat. 10/7(2), (4) |
| Iowa | Iowa Code § 553.5 | Four Years | Iowa Code § 553.13 |
| Kansas | Kan. Stat. Ann. § 50-161(b) | Three Years | Kansas Stat. Ann. §§ 50-101 to 50-1,105, 60-512(2) |
| Maine | Me. Stat. 10, § 1102 | Six Years | Me. Stat. 14, § 752 |
| Maryland | Md. Code Ann. Com. Law § 11-204(a) | Four Years | Md. Code Ann. Com. Law § 11-209(d)(1) |
| Massachusetts | Mass Gen. Laws ch. 93A | Four Years | Mass. Gen. Laws ch. 93, § 13 |
| Michigan | Mich. Comp. Laws § 445.773 | Four Years | Mich. Comp. Laws §§ 445.781(1) |
| Minnesota | Minn. Stat. § 325D.49 and 8.31 | Four Years | Minn. Stat. § 325D.64 |
| Mississippi | Miss. Code Ann. § 75-21-3 | Three Years | Miss. Code Ann. § 15-1-49 |

31

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| Montana | Mont. Code Ann. § 30-14-103 | Two Years | Mont. Code Ann. § 27-2-211 |
| Nebraska | Neb. Rev. Stat. § 59-802 | Four Years | Neb. Rev. Stat. § 59-1612 |
| Nevada | Nev. Rev. Stat. § 598A.060 | Four Years | Nev. Rev. Stat. § 598A.220(2) |
| New Hampshire | N.H. Rev. Stat. Ann. § 356:11 | Four Years | N.H. Rev. Stat. Ann. § 356:12 |
| New Mexico | N.M. Stat. Ann. § 57-1-2 | Four Years | N.M. Stat. Ann. § 57-1-12(A) |
| New York | N.Y. Gen. Bus. Law § 340 | Four Years | N.Y. Gen. Bus. Law § 340(5) |
| North Carolina | N.C. Gen. Stat. § 75-2.1 | Four Years | N.C. Gen. Stat. § 75-16.2 |
| North Dakota | N.D. Cent. Code § 51-08.1-03 | Four Years | N.D. Cent. Code § 51-08.1-10 |
| Oregon | Or. Rev. Stat. § 646.730 | Four Years | Or. Rev. Stat. § 646.800 |
| Rhode Island | 6 R.I. Gen. Laws § 6-36-5 | Four Years | 6 R.I. Gen. Laws § 6-36-23 |
| South Dakota | S.D. Codified Laws § 37-1-3.2 | Four Years | S.D. Codified Laws § 37-1-14.1 |
| Tennessee | Tenn. Code Ann. § 47-25-101 | Three Years | Tenn. Code Ann. § 28-3-105; *State ex rel. Leech v. Levi Strauss & Co.*, 1980 WL 4696, at *3 (Tenn. Ch. Sept. 25, 1980) (holding that private antitrust action for injury sounds in tort and is subject to a three-year statute of limitations) |
| Utah | Utah Code Ann. § 76-10-911 | Four Years | Utah Code Ann. § 76-10-3117 |

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| West Virginia | W. Va. Code § 47-18-4 | Four Years | W. Va. Code § 47-18-11 |
| Wisconsin | Wis. Stat. § 133.03 | Six Years (recovery of damages) or Two Years (treble damages) | Wis. Stat. §133.18(2); *Open Pantry Food Marts of Se. Wis., Inc., v. Falcone*, 286 N.W.2d 149, 152 (Wis. Ct. App. 1979) |

**Second Claim for Relief**
**Conspiracy to Monopolize Under State Law**
**Asserted Against All Defendants**

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| Arizona | Ariz. Rev. Stat. Ann. § 44-1402 | Four Years | Ariz. Rev. Stat. Ann. § 44-1410 |
| California | Cal. Bus. & Prof. Code §§ 16700, 17200 | Four Years | Cal. Bus. & Prof. Code § 16750.1 |
| District of Columbia | D.C. Code § 28-4503 | Four Years | D.C. Code § 28-4511(b) |
| Florida | Fla. Stat. § 501.201 | Four Years | Fla. Stat. § 542.26(1) |
| Hawaii | Haw. Rev. Stat. § 480-1 | Four Years | Haw. Rev. Stat. § 480-24 |
| Illinois | 740 Ill. Comp. Stat. 10/1 | Four Years | 740 Ill. Comp. Stat. 10/7(2), (4) |
| Iowa | Iowa Code § 553.5 | Four Years | Iowa Code § 553.13 |
| Kansas | Kan. Stat. Ann. § 50-101 | Three Years | Kansas Stat. Ann. §§ 50-101 to 50-1,105, 60-512(2) |
| Maine | Me. Stat. 10, § 1102 | Six Years | Me. Stat. 14, § 752 |
| Maryland | Md. Code Ann. Com. Law § 11-204(a) | Four Years | Md. Code Ann. Com. Law § 11-209(d)(1) |

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| Massachusetts | Mass Gen. Laws ch. 93A | Four Years | Mass. Gen. Laws ch. 93, § 13 |
| Michigan | Mich. Comp. Laws § 445.772 | Four Years | Mich. Comp. Laws §§ 445.781(1) |
| Minnesota | Minn. Stat. § 325D.49 and 8.31 | Four Years | Minn. Stat. § 325D.64 |
| Mississippi | Miss. Code Ann. § 75-21-3 | Three Years | Miss. Code Ann. § 15-1-49 |
| Montana | Mont. Code Ann. § 30-14-103 | Two Years | Mont. Code Ann. § 27-2-211 |
| Nebraska | Neb. Rev. Stat. § 59-802 | Four Years | Neb. Rev. Stat. § 59-1612 |
| Nevada | Nev. Rev. Stat. § 598A.060 | Four Years | Nev. Rev. Stat. § 598A.220(2) |
| New Hampshire | N.H. Rev. Stat. Ann. § 356:11 | Four Years | N.H. Rev. Stat. Ann. § 356:12 |
| New Mexico | N.M. Stat. Ann. § 57-1-2 | Four Years | N.M. Stat. Ann. § 57-1-12(A) |
| New York | N.Y. Gen. Bus. Law § 340 | Four Years | N.Y. Gen. Bus. Law § 340(5) |
| North Carolina | N.C. Gen. Stat. § 75-2.1 | Four Years | N.C. Gen. Stat. § 75-16.2 |
| North Dakota | N.D. Cent. Code § 51-08.1-02 | Four Years | N.D. Cent. Code § 51-08.1-10 |
| Oregon | Or. Rev. Stat. § 646.730 | Four Years | Or. Rev. Stat. § 646.800 |
| Rhode Island | 6 R.I. Gen. Laws § 6-36-5 | Four Years | 6 R.I. Gen. Laws § 6-36-23 |
| South Dakota | S.D. Codified Laws § 37-1-3.2 | Four Years | S.D. Codified Laws § 37-1-14.1 |
| Tennessee | Tenn. Code Ann. § 47-25-101 | Three Years | Tenn. Code Ann. § 28-3-105; *State ex rel. Leech v. Levi Strauss & Co.*, 1980 WL 4696, at *3 (Tenn. Ch. Sept. 25, 1980) |

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
|  |  |  | (holding that private antitrust action for injury sounds in tort and is subject to a three-year statute of limitations) |
| Utah | Utah Code Ann. § 76-10-911 | Four Years | Utah Code Ann. § 76-10-3117 |
| West Virginia | W. Va. Code § 47-18-4 | Four Years | W. Va. Code § 47-18-11 |
| Wisconsin | Wis. Stat. § 133.03 | Six Years (recovery of damages) or Two Years (treble damages) | Wis. Stat. §133.18(2); *Open Pantry Food Marts of Se. Wis.*, *Inc.*, *v. Falcone*, 286 N.W.2d 149, 152 (Wis. Ct. App. 1979) |

**Third Claim for Relief**
**Combination and Conspiracy in Restraint of Trade**
**Asserted Against All Defendants**

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| Arizona | Ariz. Rev. Stat. Ann. § 44-1402 | Four Years | Ariz. Rev. Stat. Ann. § 44-1410 |
| California | Cal. Bus. & Prof. Code §§ 16700, 17200 | Four Years | Cal. Bus. & Prof. Code § 16750.1 |
| District of Columbia | D.C. Code § 28-4502 | Four Years | D.C. Code § 28-4511(b) |
| Florida | Fla. Stat. § 501.201 | Four Years | Fla. Stat. § 542.26(1) |
| Hawaii | Haw. Rev. Stat. § 480-1 | Four Years | Haw. Rev. Stat. § 480-24 |
| Illinois | 740 Ill. Comp. Stat. 10/1 | Four Years | 740 Ill. Comp. Stat. 10/7(2), (4) |

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| Iowa | Iowa Code § 553.4 | Four Years | Iowa Code § 553.13 |
| Kansas | Kan. Stat. Ann. § 50-101 | Three Years | Kansas Stat. Ann. §§ 50-101 to 50-1,105, 60-512(2) |
| Maine | Me. Stat. 10, § 1101 | Six Years | Me. Stat. 14, § 752 |
| Maryland | Md. Code Ann. Com. Law § 11-204(a) | Four Years | Md. Code Ann. Com. Law § 11-209(d)(1) |
| Massachusetts | Mass Gen. Laws ch. 93A | Four Years | Mass. Gen. Laws ch. 93, § 13 |
| Michigan | Mich. Comp. Laws § 445.772 | Four Years | Mich. Comp. Laws §§ 445.781(1) |
| Minnesota | Minn. Stat. § 325D.49 and 8.31 | Four Years | Minn. Stat. § 325D.64 |
| Mississippi | Miss. Code Ann. § 75-21-3 | Three Years | Miss. Code Ann. § 15-1-49 |
| Montana | Mont. Code Ann. § 30-14-103 | Two Years | Mont. Code Ann. § 27-2-211 |
| Nebraska | Neb. Rev. Stat. § 59-801 | Four Years | Neb. Rev. Stat. § 59-1612 |
| Nevada | Nev. Rev. Stat. § 598A.060 | Four Years | Nev. Rev. Stat. § 598A.220(2) |
| New Hampshire | N.H. Rev. Stat. Ann. § 356:1 | Four Years | N.H. Rev. Stat. Ann. § 356:12 |
| New Mexico | N.M. Stat. Ann. § 57-1-1 | Four Years | N.M. Stat. Ann. § 57-1-12(A) |
| New York | N.Y. Gen. Bus. Law § 340 | Four Years | N.Y. Gen. Bus. Law § 340(5) |
| North Carolina | N.C. Gen. Stat. § 75-1 | Four Years | N.C. Gen. Stat. § 75-16.2 |
| North Dakota | N.D. Cent. Code § 51-08.1-02 | Four Years | N.D. Cent. Code § 51-08.1-10 |
| Oregon | Or. Rev. Stat. § 646.725 | Four Years | Or. Rev. Stat. § 646.800 |
| Rhode Island | 6 R.I. Gen. Laws § 6-36-5 | Four Years | 6 R.I. Gen. Laws § 6-36-23 |

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| South Dakota | S.D. Codified Laws § 37-1-3.1 | Four Years | S.D. Codified Laws § 37-1-14.1 |
| Tennessee | Tenn. Code Ann. § 47-25-101 | Three Years | Tenn. Code Ann. § 28-3-105; *State ex rel. Leech v. Levi Strauss & Co.*, 1980 WL 4696, at *3 (Tenn. Ch. Sept. 25, 1980) (holding that private antitrust action for injury sounds in tort and is subject to a three-year statute of limitations) |
| Utah | Utah Code Ann. § 76-10-3103 | Four Years | Utah Code Ann. § 76-10-3117 |
| West Virginia | W. Va. Code § 47-18-3 | Four Years | W. Va. Code § 47-18-11 |
| Wisconsin | Wis. Stat. § 133.03 | Six Years (recovery of damages) or Two Years (treble damages) | Wis. Stat. §133.18(2); *Open Pantry Food Marts of Se. Wis., Inc., v. Falcone*, 286 N.W.2d 149, 152 (Wis. Ct. App. 1979) |

**Fourth Claim for Relief**
**Unfair or Deceptive Trade Practices**
**Asserted Against All Defendants**

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| California | Cal. Bus. & Prof. Code § 17200 | Four Years | Cal. Bus. & Prof. Code § 17208 |

| State | Statute | Statute of Limitations Period | Citation |
|---|---|---|---|
| Florida | Fla. Stat. § 501.201 | Four Years | Fla. Stat. §§ 501.211 and 95.11(3)(f) |
| Hawaii | Haw. Rev. Stat. § 480 | Four Years | Haw. Rev. Stat. § 480-24 |
| Illinois | 815 Ill. Comp. Stat. 505/1 | Three Years | 815 ILCS 505/10a(e) |
| Maine | Me. Stat. 5, § 207 | Six Years | Me. Stat. 14, § 752 |
| Massachusetts | Mass Gen. Laws ch. 93A | Four Years | Mass. Gen. Laws ch. 93, § 13 |
| Montana | Mont. Code Ann. § 30-14-101 | Two Years | Mont. Code Ann. § 27-2-211 |
| Nebraska | Neb. Rev. Stat. § 59-1601 | Four Years | Neb. Rev. Stat. § 59-1612 |
| Nevada | Nev. Rev. Stat. § 598A.0903 | Four Years | Nev. Rev. Stat. § 598A.220(2) |
| New Hampshire | N.H. Rev. Stat. Ann. § 358-A:1 | Three Years | N.H. Rev. Stat. Ann. § 508:4 |
| New Mexico | N.M. Stat. Ann. § 57-12-1 | Four Years | N.M. Stat. Ann. § 37-1-4 |
| New York | N.Y. Gen. Bus. Law § 349 | Three Years | N.Y. C.P.L.R. Law § 214 |
| North Carolina | N.C. Gen. Stat. § 75-1 | Four Years | N.C. Gen. Stat. § 75-16.2 |
| Rhode Island | 6 R.I. Gen. Laws § 6-13.1-1 | Ten Years | 9 R.I. Gen. Laws § 9-1-13(a) |
| Tennessee | Tenn. Code Ann. § 47-18-101 | Five Years | Tenn. Code Ann. § 47-18-110 |
| Utah | Utah Code Ann. § 13-11-1 | Three Years | Utah Code § 78B-2-305(3) |
| West Virginia | W. Va. Code § 46A-6-101 | Four Years | W. Va. Code § 46A-5-101 |